ELIZABETH S. W. FREUND AND OTHERS, INFANTS, BY PETER B. OLNEY, THEIR GUARDIAN AD LITEM, RESPONDENTS, *v.* WILLIAM. T. WASHBURN, APPELLANT.

*Appointment of a guardian ad litem — application for, may be made by a general guardian appointed in another State*

The infant plaintiffs in this action were, at the time of its commencement, infants under the age of fourteen years, and resided with their father, their general guardian, at Breslau, in the kingdom of Prussia. April 2, 1877, one Grinnell was appointed their general guardian by the Probate Court of Suffolk county, Mass., and he thereafter applied for, and procured, the appointment of Peter B. Olney, as guardian *ad litem* for said infants to bring this action.

*Held*, that the application to appoint the guardian *ad litem* was properly granted, and that it was not necessary that a general guardian should have been appointed in this State for the purpose of making such application.

APPEAL from an order of the Special Term denying a motion to set aside the summons and complaint in the above entitled action, on the ground that the appointment of the guardian *ad litem* was irregular.

*George Bell*, for the appellant. Before a foreign guardian can exercise any rights, powers or functions *virtute officii* in this State, he must take out ancillary letters of guardianship in this State. (Story on Conflict of Law [6th ed.], 504*a*; Cooley's Constitutional Limitations, 420–421; Schouler's Domestic Relations [2d

ed.], 442, 444; *Leonard* v. *Putnam*, 12 Am. R., 106; *Morrell* v. *Dickey*, 1 Johns. Ch., 133; *Williams* v. *Storrs*, 6 Am. R., 353; *McLoskey* v. *Reid*, 4 Bradf., 334; *Parsons* v. *Lyman*, 20 N. Y., 108; *Doolittle* v. *Lewis*, 7 Johns Ch., 45; *Vroom* v. *Van Horn*, 10 Paige, 544; *Vermilyea* v. *Beatty*, 6 Barb., 429; *Smith* v. *Webb*, 1 id., 231; Story on Conflict of Law, sec. 512.)

*Edward D. Bettens*, for the respondents. The right of a foreign guardian to petition a New York court for the appointment of a guardian *ad litem*, after a full and careful examination, has been established. (*Rogers* v. *McLean*, 10 Abb., 306, Special Term; *Rogers* v. *McLean*, 11 id., 440, General Term; *Rogers* v. *McLean*, 34 N. Y., 536, Court of Appeals.)

INGALLS, J.:

When this action was commenced the infants were under the age of fourteen years, and resided with their father who is their general guardian, and resides at Breslau, in the kingdom of Prussia. The note upon which this action is brought is the property of such infants. On the 2d day of April, 1877, Charles E. Grinnell was appointed by the Probate Court of Suffolk county, Massachusetts, the general guardian of these infants; and in that capacity applied for, and procured the appointment of the said Peter B. Olney as guardian *ad litem* of said infants to bring this action, on their account, to collect the note. A motion was made at Special Term to set aside the summons and complaint, on the ground that the guardian *ad litem* could not be appointed on the application of Grinnell, who resided in the State of Massachusetts.

The motion was denied and the defendant has appealed to this court. There can be no doubt but that the Supreme Court has jurisdiction to entertain the action and to render a judgment which will bind the parties, and will be a complete protection to the defendant if he is compelled to pay the note. At most, a question of regularity in commencing the action is presented by this appeal, and we think the application to set aside the proceedings was purely technical and without merit. (*Wolford* v. *Oakley*, 43 How., 118; *Parks* v. *Parks*, 19 Abb., 161; *Barnard* v. *Heydrick*, 49 Barb., 63; *Croghan* v. *Livingston*, 17 N. Y., 218.)

In regard to the manner a guardian *ad litem* is to be appointed, the Code of Civil Procedure provides as follows : " Section 470. The guardian must be appointed upon the application of the infant if he is of the age of fourteen years or upwards ; or, if he is under that age, upon the application of his general or testamentary guardian, if he has one, or of a relative or friend. If the application is made by a relative or friend notice thereof must be given to his general or testamentary guardian if he has one ; or, if he has none, to the person with whom the infant resides." In this case the application was made by a person who combined the two relations to the infants, that of guardian and friend, and had charge of at least a portion of their property, including the note in question, and we must assume that he was capable and responsible. Notice of the application for the appointment of such guardian *ad litem* certainly was not required to be given to the father, who is a citizen of a foreign government. We are satisfied that the application was properly made by Grinnell, the guardian and friend of the infants, and that the requirement of the Code, in this respect, has been substantially complied with.

We cannot regard it indispensable that a general guardian should have been appointed in this State, for the purpose of applying for the appointment of a guardian *ad litem* to bring this action on behalf of the infants. Such a proceeding would have added nothing to the security of the infants, but would have increased the expense and caused delay.

The defendant can suffer no possible injury from the manner the action has been commenced, and if his purpose is to create delay and to embarrass the plaintiff in the collection of the note, he should not be unnecessarily gratified.

We conclude that the plaintiff's practice is defensible, and the order of Special Term should be affirmed, with costs and disbursements.

Brady, P. J., concurred.

Present — Brady, P. J., and Ingalls, J.

Order affirmed, with costs and disbursements.